# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

January 7, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LLOYD W. JOHNSON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0393 & 14-1290** (BOR Appeal Nos. 2048754, 2049266 & 2049550)
(Claim No. 2005041660)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**KANAWHA STONE COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lloyd W. Johnson, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.[1] The West Virginia Office of Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

This appeal arises from two Final Orders of the Board of Review dated November 21, 2014, and March 28, 2014, in which the Board affirmed June 4, 2014; February 12, 2014; and August 16, 2013, Orders of the Workers' Compensation Office of Judges. In its June 4, 2014, Order, the Office of Judges affirmed the claims administrator's corrected December 18, 2013, decision which denied Mr. Johnson's request for a reopening of his claim on a temporary total disability benefits basis. The Office of Judges also dismissed as moot Mr. Johnson's protest of the claims administrator's October 29, 2013, decision. In its February 12, 2014, Order, the Office of Judges affirmed the claims administrator's August 22, 2013, decision which denied Mr. Johnson's request to reopen the claim for temporary total disability benefits. In its August 16, 2013, Order, the Office of Judges affirmed the claims administrator's February 14, 2013,

---

[1] On December 15, 2014, Mr. Johnson requested that this Court consolidate Appeal Nos. 14-0393 and 14-1290. Upon consideration, this Court granted his motion and consolidated the two appeals on April 23, 2015.

1

decision denying a request to reopen the claim for consideration of an additional permanent partial disability award.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnson worked as a mechanic for Kanawha Stone Company, Inc. On August 28, 2005, he slipped and fell off the back of a truck and injured his right ankle, back, and right elbow. Following the injury Robert Gerbo, M.D., a treating physician, diagnosed him with a subtle fracture of the lateral malleolus, lumbosacral strain, and right ankle sprain. The claims administrator initially held the claim compensable for a fracture of the lateral malleolus, an ankle sprain, and a traumatic amputation of the foot. However, the erroneous addition of traumatic amputation was eventually removed and the diagnosis of peroneal tendonitis was added as a compensable condition of the claim. J. David Lynch, M.D., performed an independent medical evaluation of Mr. Johnson. His physical examination revealed that Mr. Johnson had normal gait and had full lower extremity strength. Dr. Lynch concluded that Mr. Johnson had reached his maximum degree of medical improvement and required no additional treatment related to his compensable injury. On November 21, 2005, the claims administrator closed the claim for temporary total disability benefits. On January 13, 2006, the claims administrator also closed the claim for permanent total disability benefits based on Dr. Lynch's evaluation.

An MRI was taken of Mr. Johnson's lumbar spine following these decisions which showed a focal disc herniation at the L4 level with contact on the right L4 nerve root. Sanford Emery, M.D., and Dr. Gerbo, both treating physicians, requested the addition of lumbar herniated disc to the claim. The claims administrator, however, denied authorization for the lumbar MRI. This decision was affirmed by the Office of Judges on May 12, 2006, because it determined that the protrusion at the L4-5 disc was not a compensable condition of the claim. Mr. Johnson then filed a request on July 29, 2006, to have his claim reopened for temporary total disability benefits. The physician's section of the application was completed by Dr. Gerbo, who found that Mr. Johnson had suffered an aggravation or progression of his compensable injury that had developed into a herniation of his lumbar disc. Dr. Gerbo found that Mr. Johnson was temporarily disabled and should remain off work for five days until he could return for a follow-up visit. On August 25, 2006, the claims administrator denied Mr. Johnson's request to reopen his claim for temporary total disability and medical benefits. Mr. Johnson did not protest the claims administrator's decision, and it became final.

A year later, on September 6, 2007, Mr. Johnson filed a request to have his claim reopened for additional medical benefits. In the physician's portion of the form, Dr. Gerbo requested authorization for several medications. Dr. Gerbo also stated that he believed that Mr. Johnson was disabled, but he allowed him to continue working with modifications to his duties. Dr. Gerbo did not identify any period of temporary total disability or indicate that Mr. Johnson

2

was requesting additional temporary total disability benefits. On September 25, 2007, the claims administrator denied Mr. Johnson's request for medical benefits including the specific medications requested by Dr. Gerbo.

Several years later, on February 4, 2013, Mr. Johnson submitted a request to reopen his claim for an additional permanent partial disability award. On February 14, 2013, the claims administrator denied Mr. Johnson's request because it was filed more than five years after the date of the initial permanent partial disability award in this claim. On August 16, 2013, the Office of Judges affirmed the claims administrator's decision. During the course of the litigation before the Office of Judges, Mr. Johnson's counsel mistakenly alleged that the claims administrator had failed to respond to his July 29, 2006, and September 6, 2007, reopening requests or to Dr. Emery's and Dr. Gerbo's requests to add protrusion of the L4-5 disc as a compensable condition of the claim.

Even though the Office of Judges disregarded Mr. Johnson's counsel's argument, following this Order the claims administrator issued a decision on August 22, 2013, denying Mr. Johnson's September 6, 2007, reopening request. On October 29, 2013, the claims administrator issued a decision denying Mr. Johnson's July 29, 2006, reopening request because his disability was not related to the compensable injury. The claims administrator then issued a corrected decision on December 18, 2013, stating that Mr. Johnson's July 29, 2006, reopening request was denied because the request had already been denied on August 25, 2006, and it did not have jurisdiction to modify this decision, which had already become final. On February 12, 2014, the Office of Judges affirmed the claims administrator's August 22, 2013, decision. On March 28, 2014, the Board of Review affirmed the Office of Judges' August 16, 2013, Order. On June 4, 2014, the Office of Judges dismissed Mr. Johnson's protest of the claims administrator's October 29, 2013, decision because it was rendered moot by the claims administrator's December 18, 2013, decision. The Office of Judges then affirmed the claims administrator's December 18, 2013, decision. The Board of Review consolidated Mr. Johnson's appeals of the Office of Judges' February 12, 2014, and June 4, 2014, Orders. The Board of Review affirmed both Orders of the Office of Judges on November 21, 2014, leading Mr. Johnson to appeal.

In its August 16, 2013, Order, the Office of Judges concluded that Mr. Johnson's request to have his claim reopened for an additional permanent partial disability award was not timely filed. The Office of Judges determined that the reopening request was not filed within the time requirements of West Virginia Code § 23-4-16(a)(2) (2005) because it was not filed within five years of the initial permanent partial disability award. The Office of Judges found that the initial award was issued on January 13, 2006, and Mr. Johnson's request was not filed until February 4, 2013. In its March 28, 2014, decision, the Board of Review adopted the findings of the Office of Judges and affirmed its Order.

In its February 12, 2014, Order, the Office of Judges concluded that Mr. Johnson did not show that his claim should be reopened on a temporary total disability benefits basis. The Office of Judges found that Mr. Johnson's September 6, 2007, reopening request did not indicate that he was requesting additional temporary total disability benefits. The Office of Judges found that in the form he submitted to the claims administrator Mr. Johnson merely requested additional

3

medical benefits. It also found that at the time of the request, Mr. Johnson was working with modifications to his duties and therefore, was not entitled to temporary total disability benefits. The Office of Judges also found that Mr. Johnson was not entitled to have his claim remanded for an answer to Dr. Emery's February 8, 2006, diagnosis update request because the only issue presented on appeal was whether Mr. Johnson was entitled to have his claim reopened for additional temporary total disability benefits.

In its June 4, 2014, Order, the Office of Judges concluded that Mr. Johnson's protest of the October 29, 2013, decision was rendered moot by the claims administrator's corrected decision of December 18, 2013. The Office of Judges also concluded that neither the claims administrator nor the Office of Judges had jurisdiction to revisit the merits of Mr. Johnson's July 29, 2006, temporary total disability benefits reopening application. The Office of Judges determined that the merits of Mr. Johnson's July 29, 2006, request had already been decided by the claims administrator's August 26, 2006, decision. The Office of Judges determined that Mr. Johnson did not protest the claims administrator's decision and it became final. The Office of Judges found that there was no merit to the allegation of Mr. Johnson's counsel that the claims administrator had failed to respond to Mr. Johnson's request to reopen the claim for temporary total disability benefits. The Office of Judges further determined that the only issue on appeal was whether Mr. Johnson was entitled to a reopening of his claim for temporary total disability benefits, and it declined to remand the claim for a decision on Dr. Emery's and Dr. Gerbo's request to add herniated lumbar disc as a compensable condition of the claim. In its November 21, 2014, decision, the Board of Review adopted the findings of the Office of Judges and affirmed its February 12, 2014, and June 4, 2014, Orders.

In the briefs he submitted for Appeal Nos. 14-0393 and 14-1290, Mr. Johnson alleges that the claims administrator failed to respond to his July 29, 2006, and September 6, 2007, reopening requests. He also argues that the claims administrator did not respond to diagnosis update requests from Dr. Emery and Dr. Gerbo. Mr. Johnson argues that the claims administrator should be estopped from denying his permanent partial disability award under West Virginia Code § 23-4-16 because the claims administrator failed to respond to these requests in a timely manner. He also argues, in the alternative, that his claim should be remanded for a decision on the diagnosis update requests of Dr. Emery and Dr. Gerbo.

We agree with the conclusions of both Board of Review decisions and the findings of the Office of Judges' Orders. Mr. Johnson has not demonstrated that he is entitled to have his claim reopened for an additional permanent partial disability award. West Virginia Code § 23-4-16(a)(2) provides that "in any claim in which an award of permanent disability was made, any request must be made within five years of the date of the initial award." The statute further requires that any request that is not made within the five year time limit must be refused. The evidence in the record shows that the initial award for this compensable injury was granted on January 13, 2006. Mr. Johnson's request to have his claim reopened for an additional permanent partial disability award was not submitted until February 4, 2013, which is well outside the required time limit.

4

Mr. Johnson's request for an additional permanent partial disability award also does not fit within the exception to West Virginia Code § 23-4-16(a)(2) outlined in our recent opinion in *Hammons v. West Virginia Office of the Insurance Commissioner*, 235 W. Va. 557, 775 S.E.2d 458 (2015). Unlike in *Hammons*, Mr. Johnson's ability to file a timely reopening request was not hindered by "significant litigation delays." *Id.* at 557, 775 S.E.2d at 460. The evidence in the record demonstrates that this claim was practically inactive from the end of 2007 until Mr. Johnson filed his request to have his claim reopened for additional permanent partial disability benefits in 2013. It is apparent from the evidence in the record that Mr. Johnson had sufficient opportunity to timely file his reopening request during this period. Mr. Johnson has also not had any new diagnosis added to the claim, which could entitle him to have his claim reopened under Syllabus Point 5 of *Hammons*.[2] The evidence in the record indicates that protrusion of the L4-5 disc has not been added as a compensable component of Mr. Johnson's claim. It is unclear from the evidence presented in the record if the claims administrator issued a decision directly responding to Dr. Emery's and Dr. Gerbo's requests to add the condition to the claim. However, in its May 12, 2006, denial of authorization for the MRI that revealed the lumbar protrusion, the Office of Judges determined that the diagnosis was not a compensable condition of the claim. Mr. Johnson has not presented any evidence contrary to the Office of Judges' conclusion or demonstrated that its Order was appealed. It is apparent that it has since become final under West Virginia Code § 23-5-1(b)(1) (2009), and the diagnosis of protrusion at the L4-5 disc is not a compensable condition of the claim. The Board of Review and the Office of Judges were within their discretion in denying Mr. Johnson's request to have the case remanded for a decision on the compensability of this diagnosis.

Mr. Johnson has also not demonstrated that he is entitled to have his claim reopened for consideration of additional temporary total disability benefits. Mr. Johnson's repeated allegations that the claims administrator failed to respond to his July 29, 2006, and September 6, 2007, reopening requests are baseless. The evidence in the record shows that the claims administrator issued protestable decisions responding to Mr. Johnson's July 29, 2006, and September 6, 2007, reopening requests within a month of the date it received each request. It appears from the record provided under these appeals that Mr. Johnson did not protest these decisions and both have become final under West Virginia Code § 23-5-1(b)(1). Mr. Johnson no longer has a right to litigate the denial of his July 29, 2006, and September 6, 2007, reopening requests. Even though there are no decisions in the record directly responding to Dr. Emery's and Dr. Gerbo's updated diagnosis requests, Mr. Johnson has not demonstrated that this entitles him to reconsideration of the denial of his requests for temporary total disability and medical benefits that became final over seven years ago.

---

[2] Syllabus Point 5 of *Hammons* provides the following:

> When a workers' compensation claimant (1) receives an award of permanent partial disability (PPD) for an initial workplace injury; (2) timely files a reopening request pursuant to W. Va. Code § 23-4-16(a)(2) (2005) (Repl. Vol. 2010) seeking to add an additional, related injury to his/her claim; (3) such additional injury is ruled compensable; and (4) the Commission, or other named party, fails to refer the claimant for a PPD evaluation in accordance with W. Va. Code § 23-4-7a(f) (2005) (Repl. Vol. 2010), the claimant may request a PPD evaluation referral even if the time period for reopening the initial claim, contemplated by W. Va. Code § 23-4-16(a)(2), has expired.

For the foregoing reasons, we find that the decisions of the Board of Review are not in clear violation of any constitutional or statutory provision, nor are they clearly the result of erroneous conclusions of law, nor are they based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decisions of the Board of Review are affirmed.

Affirmed.

**ISSUED:   January 7, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum